Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>SAMUEL BORIA RIVERA<br><br>PETICIONARIO | KLCE202401382 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sala:202<br><br>Criminal Núm. ISCR202400015<br><br>Sobre:<br>TENT. A93/GRADO DE ASESINATO PRIMER GRADO |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de enero de 2025.

Comparece ante nos, Samuel Boria Rivera (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Resolución*" emitida y notificada el 21 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante la referida "*Resolución,*" dicho tribunal declaró *No Ha Lugar* la "*Moción Solicitando Supresión de Identificación,*" presentada por el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso presentado.

**I.**

Por los hechos ocurridos el 22 de noviembre de 2022, el peticionario fue acusado por dos (2) infracciones al Artículo 93(a) del Código Penal de Puerto Rico, Ley Núm. 146-2012, según emendada, 33 LPRA sec. 5142; por dos (2) infracciones al Artículo 6.05 de la Ley de

Armas de Puerto Rico, Ley Núm. 168-2019, 25 LPRA sec. 466d; por dos (2) infracciones al Artículo 6.14(b) e infracción al Artículo 6.22 de la Ley de Armas de Puerto Rico, Ley Núm. 168-2019, 25 LPRA sec. 466u; y por dos (2) infracciones al Artículo 4d de la Ley Núm. 105-2007.[1]

Así las cosas, el 3 de julio de 2024, el peticionario presentó "*Moción Solicitando Supresión de Identificación.*" En síntesis, adujo que la identificación que se realizó en este caso es sugestiva y no confiable. Sustentó lo anterior, bajo el argumento de que la única descripción física en que se fundamentó su acusación fue que los actos delictivos se cometieron por una persona gruesa con barba tipo candado. Aseveró, que tal descripción era insuficiente para cumplir con una identificación adecuada. Añadió, que en este caso se sugirió la identificación por medio de la documentación que fue hallada en el vehículo utilizado para cometer los hechos delictivos.

De otra parte, alegó que para este caso se debió celebrar una rueda de detenidos conforme la Regla 252.1 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 252.1, y no una identificación fotográfica a tenor de la Regla 252.2 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 252.2. Ello, dado que la identificación por fotografías es un método supletorio que solo se debe utilizar en casos excepcionales. Agregó, que en la identificación en cuestión se sugirió la persona a identificar con signos que señalaban al sospechoso. Además, esgrimió que las características físicas de los fotografiados, tales como estatura, edad, peso, cabello y constitución física no eran similares entre sí.

En reacción, el 29 de julio de 2024, el Ministerio Público presentó "*Moción en Oposición a Supresión de Identificación y Solicitando se declare No Ha Lugar de Plano sin la Celebración de Vista.*" En esencia, argumentó que era innecesario celebrar una vista de supresión de

---

[1] Está ley enmienda la Ley Núm. 41-1982, Ley del Registro de Existencias de Materiales Metálicos.

identificación. A la luz de lo anterior, aseveró que el testigo, el agente Waldemar Valle, pudo identificar al peticionario en las fotografías y en corte abierta de forma espontánea y no sugestiva. A su vez, alegó que existe evidencia adicional, consistente en documentación ocupada del vehículo utilizado para cometer los hechos delictivos, la cual conecta al peticionario con los aludidos hechos. En virtud de lo expuesto, solicitó que se declarara *No Ha Lugar* la "*Moción Solicitando Supresión de Identificación.*"

Evaluados los escritos presentados, el foro recurrido ordenó la celebración de una "*Vista de Supresión de Identificación.*" Ésta fue celebrada el día 10 de octubre de 2024. A la referida vista comparecieron como testigos el agente de la policía Waldemar Valle Valentín y el sargento de la policía Joel Ayala Del Valle. Tras escuchar sus respectivos testimonios, el 21 de noviembre de 2024, el foro recurrido notificó la "*Resolución*" que nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Moción Solicitando Supresión de Identificación,*" presentada por el peticionario. El foro recurrido, entre otras cosas, expresó lo siguiente:

> [P]odemos concluir que en Sala hubo una identificación espontánea por parte del agente Valle Valentín. El Tribunal le da credibilidad a su testimonio. El agente pudo ver al acusado a una distancia corta y en un lugar alumbrado. No podemos decir que hubiese sugestividad en su identificación, ya que conforme a la prueba presentada y creída por el Tribunal, el sargente no le presentó la fotografía del acusado que fuera ocupada en el vehículo, previo a la rueda de confrontación fotográfica. El agente conforme declarado, pudo observarlo y describirlo.
>
> Posteriormente, el 28 de noviembre de 2022, cercano a los hechos, el sargento le presentó la rueda de confrontación fotográfica, identificando sin duda alguna al acusado como el autor de los hechos.

En desacuerdo, el 20 de diciembre de 2024, el peticionario compareció ante nos mediante un recurso de *certiorari* acompañando en el apéndice la regrabación de la visa de supresión de identificación. A través de este, esbozó el siguiente señalamiento de error:

> Erró el TPI al declarar No Ha Lugar la Moción de Supresión de Identificación.

**II.**

**A. Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**B.      Identificación de persona acusada o sospechosa de un delito**:

No podrá existir una convicción sin que exista prueba que "conecte" o "señale" a la persona imputada del delito, más allá de toda duda razonable, como la persona responsable del hecho delictivo que se le atribuye. *Pueblo v. Hernández González*, 175 DPR 274, 289 (2009); *Pueblo v. Rodríguez Maysonet*, 119 DPR 302, 309 (1987). Un juicio justo e imparcial requiere garantizar debidamente la forma en que se identifica a la persona acusada de cometer un crimen. *Pueblo v. Gómez Incera*, 97 DPR 249, 252 (1969). Ello pues, "los mayores extravíos" al administrar la justicia se deben a errores en la identificación pues la "evidencia de identificación es la evidencia de opinión por excelencia". *Pueblo v. Hernández González, supra*, pág. 292.

Al justipreciar la validez de la identificación, los dos aspectos principales son (1) si ésta fue confiable; y (2) "si en el curso de ésta no hubo irregularidades los que afectasen irremediablemente los derechos sustanciales del acusado". *Pueblo v. Torres Rivera*, 137 DPR 630, 637 (1994). *supra*. El examen de su admisibilidad tiene dos partes, pues primero, en aras de desalentar procesos sugestivos, habrá que evaluar la intervención del Estado al organizar un procedimiento de identificación, y, segundo, habrá que evaluar, a base de hechos que revelen confiabilidad, la identificación hecha por el testigo para precisar si hay una probabilidad sustancial de una identificación errónea. *Pueblo v. Hernández González, supra*, pág. 291.El "posible efecto corruptor" que haya podido tener un procedimiento innecesariamente sugestivo se sopesará contra los siguientes factores:  (1) la oportunidad que tuvo el testigo de ver a quien perpetuó el delito durante la comisión de éste; (2) el grado de atención

que prestó el testigo; (3) la precisión de la descripción del perpetrador dada por el testigo; (4) el grado de certeza demostrado por el testigo durante la rueda de detenidos, y (5) el lapso de tiempo transcurrido entre el crimen y la identificación. Íd., pág. 292. Deberá admitirse la identificación si, de la totalidad de las circunstancias, surgen "suficientes garantías de confiabilidad". *Pueblo v. Mejías*, 160 DPR 86, 93 (2003). **La conclusión del juzgador del foro primario en torno a la confiabilidad de la prueba de identificación tendrá "todo el respeto y validez que ordinariamente se extiende a las determinaciones de hecho".** (Énfasis Suplido) Íd.; *Pueblo v. Ortiz Pérez*, 123 DPR 216, 223-224 (1989).

Se han aprobado varios métodos para la identificación de personas sospechosas. *Pueblo v. Torres Rivera*, *supra*. El Estado puede valerse de "la identificación mediante rueda de detenidos, fotografías y huellas dactilares" así como hay métodos alternos como las muestras de sangre y la voz. *Pueblo v. Ramos y Álvarez,* 122 DPR 287, 310 (1988). La Regla 252 de Procedimiento Criminal, *supra*, rige los procedimientos para la identificación mediante rueda de detenidos y fotografías. *Pueblo v. Mejías*, *supra*, pág. 92.

En lo que aquí nos concierne, la Regla 252.2, *supra* establece lo siguiente con relación a la identificación por fotografía:

> (a)    Los agentes y funcionarios del orden público podrán hacer uso de fotografías para identificar el posible autor de un acto delictivo únicamente en las siguientes circunstancias:
>
>> (1) Cuando por razones fuera del control de los agentes o funcionarios del orden público no fuere posible o necesario realizar una rueda de detenidos.
>>
>> (2) Cuando no exista sospechoso del acto delictivo.
>>
>> (3) Cuando existiendo un sospechoso éste se negare a participar en la rueda, o su actuación o ausencia impidiese que la misma se efectúe adecuadamente.
>
> (b)    La utilización de fotografías como medio de identificación se regirá por las siguientes reglas:

(1) Se le mostrarán al testigo no menos de nueve (9) fotografías incluyendo la del sospechoso y éstas presentarán, en adición al sospechoso, personas de rasgos similares a éste.

(2) Si dos o más testigos fueran a hacer la identificación fotográfica cada uno hará la identificación por separado.

(3) En ningún caso se le sugerirá al testigo la persona que debe seleccionar, mediante la forma de llevar a cabo el procedimiento, por marcas en las fotografías, o cualquier otro medio.

(4) Celebrada la identificación fotográfica, si el testigo identificara el autor de los hechos delictivos se procederá a levantar un acta que resuma brevemente el procedimiento seguido y se identificarán las fotografías utilizadas de manera que posteriormente pueda establecerse cuáles fueron las fotografías presentadas al testigo.
Regla 252.2, *supra.*

Cabe destacar, que el caso de *Pueblo v. Mejías*, supra, pág. 93 citando a *Pueblo v. Rosso Vázquez*, 105 DPR 905, 908-909 (1977), nuestro mas Alto Foro expresó lo siguiente con relación a la identificación por fotografía:

El procedimiento de identificación mediante fotografías es sostenido a menos que se trate de una situación tan crasamente sugestiva que dé lugar a una identificación errónea. ... A fin de cuentas, lo importante no es el método que se utilice para la identificación del acusado, lo importante es que la identificación sea libre, espontánea y confiable.

**III.**

Tras evaluar de forma detenida y cuidadosa la totalidad del expediente ante nuestra consideración, así como la regrabación de la "*Vista de Supresión de Identificación*," concluimos denegar el presente recurso de *certiorari*.

Surge del esbozado marco doctrinal, que la importancia y validez de una identificación se sintetiza en que ésta debe de surgir de un proceso confiable, espontáneo y que no afecte de forma irremediable los derechos de la persona acusada. A la luz de lo anterior, una identificación es admisible si de la totalidad de las circunstancias surgen suficientes garantías de confiabilidad. Por otro lado, según fue expuesto, la

evaluación que realiza el tribunal de instancia sobre el proceso de identificación tendrá por este Foro similar deferencia a la generalmente le es extendida a sus determinaciones de hecho.

Es conocido que la decisión de expedir o denegar un auto de *certiorari* es parte del ejercicio de nuestra sana discreción, según delimitada en los criterios establecidos en la Regla 40, *supra*. En el caso presente, la decisión recurrida no está viciada de prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba, por lo cual no es necesaria nuestra intervención en los méritos del recurso de epígrafe.

**IV.**

Por los fundamentos expuestos, *denegamos* el recurso presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones